# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Travelers Casualty and Surety Company of America,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Mech-Con Enterprises, LLC, Sean T. Kelly, and Carol S. Kelly,<br><br>　　　　Defendants. | Case No.: 3:24-cv-1342-SAL<br><br>**COMPLAINT**<br>**(Jury Trial Demanded)** |

COMES NOW Plaintiff Travelers Casualty and Surety Company of America ("Plaintiff" or "Travelers"), by and through its undersigned counsel, complaining of Defendants Mech-Con Enterprises, LLC ("Mech-Con"); Sean T. Kelly and Carol S. Kelly ("Kelly Defendants") (collectively, "Defendants") and allege as follows:

## JURISDICTION AND VENUE

1.Travelers Casualty and Surety Company of America is a corporation organized under the laws of the State of Connecticut and is authorized to conduct business in the State of South Carolina.

2.Defendant Mech-Con Enterprises, LLC is a limited liability company organized and existing under the laws of the State of South Carolina.

3.Defendant Sean T. Kelly is the registered agent for Defendant Mech-Con Enterprises, LLC.

4.Kelly Defendants are co-owners of Mech-Con Enterprises, LLC, with Defendant Sean T. Kelly serving as the President, and Defendant Carol S. Kelly serving as the CFO.

5.Upon information and belief, Kelly Defendants are citizens and residents of

Kershaw County, South Carolina.

6. The claims and allegations in this Complaint arise from an indemnity agreement concerning a mechanical contractor bond for Mech-Con, located at 1099 Pepper Ridge Drive, Lugoff, South Carolina 29078-9654.

7. The acts and omissions giving rise to this action occurred in whole or in part in Kershaw County, South Carolina.

8. The Court has subject matter jurisdiction over this action and personal jurisdiction over the parties, thus venue is proper in this forum, pursuant to 28 U.S. Code § 121(2).

## GENERAL ALLEGATIONS

9. Travelers commences this action for damages and injunctive relief based upon Defendants' breach of the Indemnity Agreement (the "Indemnity Agreement") executed by Defendants in favor of Travelers on or about October 26, 2021. A true and correct copy of the Indemnity Agreement is attached hereto as **Exhibit "1."**

10. Defendants entered into the Indemnity Agreement for the explicit purpose of requesting Travelers to furnish a bond on behalf of Mech-Con.

11. Kelly Defendants agreed to the terms of, and signed, the Indemnity Agreement, both individually and on behalf of Mech-Con.

12. In reliance upon the rights conveyed by Defendants in the Indemnity Agreement executed by Defendants, Travelers provided certain payment and performance bonds naming Mech-Con as Principal (the "Bond").

13. Under the Indemnity Agreement, Defendants are obligated to "indemnify and exonerate [Travelers] from and against any and all loss, cost and expense of whatever kind which it may incur or sustain as a result of or in connection with the furnishing of the Bond and/or

enforcement of this Agreement, including unpaid premiums, interest, court costs and counsel fees, and any expense incurred or sustained by reason of making any investigation." Ex. A, ¶ 2.

14. Further, the Indemnity Agreement states the Defendants, as indemnitors, "promise a) to promptly reimburse [Travelers] for all sums paid and b) to deposit with [Travelers] on demand an amount sufficient to discharge any claim made against [Travelers] on the Bond. This sum may be used by [Travelers] to pay such claim or be held by [Travelers] as collateral security against loss or cost on the Bond." Ex. A, ¶ 2.

15. Travelers has received claims on the Bond from Camden Builders Supply, and Weslynn Hutton.

16. As of the date of filing this Complaint, Travelers has paid claims on the Bond, totaling $122,076.39.

17. In addition to the amounts Travelers has paid to resolve claims on the Bond as of the date of filing, Travelers has paid costs, expenses, consulting fees and attorney fees.

18. Travelers will continue to incur additional losses, costs, expenses, consulting fees and attorney fees.

19. Travelers has retained the undersigned counsel to pursue this action and is obligated to pay counsel a reasonable fee. Pursuant to Paragraph Two of the Indemnity Agreement, Travelers is entitled to recover the attorneys' fees incurred in this matter.

20. Per the letter sent to Defendants on August 22, 2023, a copy of which is attached hereto as **Exhibit "2,"** Travelers' counsel has advised Defendants of Travelers' rights under the Indemnity Agreement.

21. Travelers reiterated its position by way of a timed demand letter sent to Defendants on January 10, 2024, a copy of which is attached hereto as **Exhibit "3."** Travelers' letter also notified Defendants of its intent to file this action.

22. To date, Defendants have not responded to Travelers' letters, and has failed to indemnify Travelers or provide collateral security to Travelers, in violation of the Indemnity Agreement.

**AS A FIRST CAUSE OF ACTION**
**(Breach of Contract – Indemnity Agreement)**

23. Travelers incorporates the above paragraphs herein by reference as if stated verbatim.

24. Pursuant to Paragraph Two of the Indemnity Agreement, Defendants agreed to indemnify and exonerate Travelers from and against any and all loss, cost and expense of whatever kind which it may incur or sustain as a result of or in connection with the furnishing of the Bond and/or enforcement of this Agreement, including unpaid premiums, interest, court costs and counsel fees, and any expense incurred or sustained by reason of making any investigation

25. Travelers has incurred losses, damages and expenses because of having furnished bonds on behalf of Mech-Con, and because of Defendants' failure to satisfy their obligations under the Indemnity Agreement, Travelers will continue to incur substantial losses, damages and expenses in an amount yet to be determined.

26. Travelers is entitled under the Indemnity Agreement to be indemnified and held harmless with respect to these losses, damages, claims and expenses, as well as a right to recover any losses, damages and expenses that Travelers will incur or sustain in the future as a result of having furnished the Bonds or as a result of any failure of Defendants to discharge their obligations under the Indemnity Agreement.

27. Travelers is also entitled under the Indemnity Agreement to recover its attorneys' fees incurred in enforcing its rights under the Indemnity Agreement.

28. As a result of Defendants' breach of the Indemnity Agreement, Travelers has been damaged in an amount not yet determined. Travelers is entitled to recover those damages from Defendants, along with prejudgment interest, costs and attorney's fees in an amount to be determined.

29. As of the date of filing this Complaint, Travelers has incurred a loss of $122,076.39, exclusive of costs, expenses, consulting fees and attorney fees.

30. To date, Defendants have failed to indemnify Travelers and Travelers has suffered damages of at least $122,076.39 as a result of this failure.

31. Defendants' failure to indemnify and reimburse Travelers for its total losses, costs, expenses, consulting fees and attorney fees is a breach of contract entitling Travelers to damages.

## AS A SECOND CAUSE OF ACTION
**(Specific Performance of Collateral Security Provision)**

32. Travelers incorporates the above paragraphs herein by reference as if stated verbatim.

33. By executing the Indemnity Agreement, the Defendants additionally agreed, as indemnitors, to deposit with Travelers on demand an amount sufficient to discharge any claim made against Travelers on the Bond, which may be used by Travelers to pay such claim or be held by Travelers as collateral security against loss or cost on the Bond.

34. Travelers received claims related to the Bond.

35. Defendants have failed to provide Travelers with any collateral security or provide assurances that such collateral security would be paid.

5

36. As of the date of filing this Complaint, as a result of issuing the Bond for Mech-Con, Travelers has incurred a loss of $122,076.39, exclusive of costs, expenses, consulting fees and attorney fees.

37. As a result of the pending claims against the Bond and the anticipated costs, expenses, consulting fees and attorney fees Travelers will incur as a result of having issued the Bond, Travelers demands Defendants provide collateral security in the amount of $122,076.39, plus costs, interests, and attorneys' fees.

38. Pursuant to the Indemnity Agreement, Defendants are obligated to provide collateral security in the amount of $122,076.39, plus costs, interests, and attorneys' fees, and this Court should specifically enforce such obligation.

## **PRAYER FOR RELIEF**

WHEREFORE, Travelers prays that this Court:

a) Enter a judgment in favor of Travelers on all claims in an amount of at least $122,076.39 plus interest, as well as any additional losses, costs, expenses, consulting fees and attorney fees paid by Travelers after October 26, 2021;

b) Require Defendants to deposit cash collateral for same as specific enforcement of the collateral security provision of the Indemnity agreement;

c) Award Travelers actual, special, punitive, and treble damages;

d) Award Travelers attorneys' fees and costs of this action, as well as pre-judgment interest; and

e) Award Travelers any other relief as the Court deems just and proper.

*[Signature Page to Follow]*

        **WOMBLE BOND DICKINSON (US) LLP**

        *s/ Jordyn N. D'Andrea*
        William Warnock Jr., Esq. (S.C. Bar No. 76248)
        Jordyn N. D'Andrea, Esq. (S.C. Bar No. 104953)
        5 Exchange Street | P.O. Box 999 (29402)
        Charleston, South Carolina 29401
        Bill.Warnock@wbd-us.com
        Jordyn.DAndrea@wbd-us.com
        Phone: (843) 722-3400

        *Attorneys for Plaintiff Travelers Casualty and Surety Company of America*

March 20, 2024
Charleston, South Carolina

WBD (US) 4862-1482-9202v7